**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**RAWLIE K. DAVIDSON, Defendant**

Case No. 3963-1973

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**VICTOR M. DAVIS, Defendant**

Case No. 3967-1973

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 17, 1973

CHARLES NEUFFER, St. Thomas, V.I., *for plaintiff*

Defendants appeared personally without attorney.

HOFFMAN, *Judge*

### MEMORANDUM OPINION

This matter came on for hearing May 17, 1973.

The defendants above were personally present.

The Government was represented by Assistant Attorney General Charles Neuffer. The arresting officer was not present having reported sick.

The Court after reviewing the facts alleged in the complaints in the above cases on its own motion dismisses each of them on the grounds hereinafter stated. Further, cases numbered 61, 65, 70, 71 and 76 on the Calendar for May 17, 1973 alleging similar facts are likewise dismissed.

The alleged offense in each of the cases referred to above is that the respective defendants parked on a yellow line in the area fronting the Main Post Office on Main Street. The law does permit the police to post traffic signs, and when it does so they have the force and effect of law. The Police Commissioner is also authorized by Statute to enact Rules and Regulations. The Commissioner did pro-

mulgate Rules and Regulations in clarification of 20 V.I.C. 491(a) which regulations in substance say that ALL traffic and parking signs posted or painted in a conspicuous way on buildings, roads, streets, etc. shall have the force and effect of law. However it is the opinion of this Court that just painting a yellow, red or white line on the curb without more is not sufficient. It is necessary for the Public Safety Department to also post signs with appropriate legend advising the public that parking on the yellow, red or white line is prohibited entirely, or otherwise restricted. This the Department of Public Safety has failed to do in the instant area. The Court takes judicial notice the Department at one time had posted a sign in this area indicating that 15 minute parking was permitted. Whether this sign was intentionally or unintentionally removed is not clear. In any event it is not presently posted. The Court further observes and takes judicial notice that just across the street to the North of this area fronting the Main Post Office the Department of Public Safety has posted a sign which states that double parking is prohibited. This apparently would permit single parking. If parking is permitted in this dangerous portion of the road, it would seem that the police intended to permit the public to stop and park long enough in this indicated Post Office area to pick up their mail. More unfair to the general public is the fact that the Department of Public Safety apparently shut their eyes when it comes to enforcing the no parking or no double parking areas from the Veteran's Drive north to the foot of Government Hill and in front of the Grand Hotel, by permitting taxis, safari busses and tour cars to park, double park and even triple park; as well as permitting parking on the East side of this street leading to the Emancipation Garden public parking lot. ALL of this certainly contributes substanti-

223

ally to the traffic bottleneck existing in this area. If the Police expect cooperation from the public it should not permit such discriminatory practices in reference to parking enforcement to continue.